IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

_____
|                                                                                    )
| CS WIND MALAYSIA SDN. BHD. and CS     )
| WIND CORPORATION,                                       )
|                                                                                    )
|                          Plaintiffs,                                      )
|                                                                                    )
|             v.                                                                  )    Court No. 24-00150
|                                                                                    )
| UNITED STATES,                                                  )
|                                                                                    )
|                          Defendant,                                   )
|                                                                                    )
|             and                                                              )
|                                                                                    )
| WIND TOWER TRADE COALATION,           )
|                                                                                    )
|                          Defendant- Intervenor.               )
|_____)

**DEFENDANT'S SUPPLEMENTAL BRIEF**

In accord with the Court's invitation extended during oral argument, defendant, the United States, respectfully submits this supplemental briefing in support of our oral argument on July 22, 2025.

On July 11, 2025, the Court posed the following question to plaintiffs, CS Wind Malaysia SDN. BHD, and CS Wind Corporation (CS Wind), to be addressed at oral argument:

> You argue that the requirement in 19 U.S.C. § 1677(b)(f)(1)(C) to adjust for startup costs, suggests that "if a company has ceased all production, then its unit production costs require some form of adjustment." Pls.' Pub. Mot. for J. on Agency R. at 10, Jan. 29, 2025, ECF. No 27 ("Pls.' Br."). Why would we read Congress's silence on shutdown costs to permit or compel adjustments due to an impending shutdown?

Letter, ECF No. 42 at 2.

In our rebuttal oral argument, we referenced the Supreme Court's admonition in *Esteras v. United States* of the "well-established canon of statutory interpretation: '*expressio unius est exclusio alterius*' – in plain English, expressing one item of {an} associated group or series excludes another left unmentioned." 145 S. Ct. 2031, 2040 (2025) (citation and quotations marks omitted). We explained that Congress's silence in not addressing shutdown production conditions indicates that Congress did not intend to provide for an adjustment for these conditions.

Section 1677b(f)(1), title 19 United States Code, enumerates Congress's determination of the two circumstances when a cost adjustment would be appropriate: 1) when there are "nonrecurring costs that benefit current or future production{;}" and 2) when there are costs associated with startup operations. By listing the two circumstances when a cost adjustment is appropriate, Congress instructed hat in other circumstances costs "shall normally be calculated based on the records of the exporter or producer of the merchandise" so long as they "reasonably reflect the costs associated with the production and sale of merchandise." *See* 19 U.S.C. § 1677b(f)(1)(A). Adjusting for CS Wind's asserted "shutdown costs" would not reflect Congress's intent in promulgating section 1677(b)(f)(1), because doing so would allow for an adjustment to the books and records maintained by CS Wind when that adjustment is not envisioned by Congress under these circumstances.

                Respectfully submitted,

                BRETT A. SHUMATE
                Assistant Attorney General

                PATRICIA M. McCARTHY
                Director

                /s/ Reginald T. Blades, Jr.
                REGINALD T. BLADES, JR.

Assistant Director

Of Counsel:

SAMUIL AGRANOVICH
Attorney
Office of the Chief Counsel for
Trade Enforcement & Compliance
U.S. Department of Commerce
(240) 956-8572
Email: samuil.agranovich@trade.gov

/s/ Tate N. Walker
TATE N. WALKER
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
(202) 307-0163
Email: tate.walker@usdoj.gov

July 29, 2025

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the Court's instructions in its July 22, 2025 letter, that the parties' answers do not exceed 1,500 words, *see* ECF No. 49, because this filing contains 360 words, not including the portions excluded from a word count pursuant to Rule 2(B)(1)(c) of this Court's Standard Chambers Procedures.

/s/ Tate N. Walker